UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL GARCIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FIDELITY MORTGAGE COMPANY, et al. <br><br> Defendants. | Case No. C 05-5144 MEJ <br><br> JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER |

Plaintiffs Michael and Courtney Garcia ("Garcias") and defendants Fidelity Mortgage Company ("Fidelity"), Pacific Home Brokers ("Pacific"), Bert Coker ("Coker"), Long Beach Mortgage Company ("LBMC") and Washington Mutual Bank ("WAMU") submit this Joint Case Management Statement and Proposed Case Management Order and request the Court to adopt it as the Case Management Order in this case pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

JOINT CASE MANAGEMENT STATEMENT

Description of the Case:

1.  Plaintiff's Description of the Case:

This case and the two related cases of *Sanders v. Fidelity Mortgage Co.* C-05 4990 MEJ and *Whitworth v. Fidelity Mortgage Co.* C-05 4725 MEJ involve a real estate and home loan "bait and switch" scheme involving defendants Joel Atwater and Scott Tucker, unlicensed real estate

477268.1

1

JOINT CASE MANAGEMENT STATEMENT

agents, who were employed by the mortgage brokerage firm of defendant, Fidelity, and the real estate brokerage firm of defendant, Pacific. Each of these entities is owned and operated by real estate broker defendant, Coker. These defendants induced plaintiffs to purchase a home based on misrepresentations as to the monthly costs of owning the home, the costs and fees associated with the loan, and further induced them to go forward with the purchase by promising to refinance the home in a few months, without further charge, to reduce the monthly payments to the amount originally promised.

There were serious misrepresentations in making the loans on these homes, including, in the loan transaction including forged notarizations, falsification of income and assets, lack of or improper statutorily mandated disclosures and charges for services not performed, which the lenders, defendants LBMC and WAMU were responsible for or which they knew or should have known of.

Relying on misrepresentations set out in part above, the Garcias purchased the home and defendants Fidelity, Pacific, Coker, Atwater and Tucker made in excess of $25,000. Defendants did not provide the promised loan and never refinanced the loan to lower the monthly costs. Consequently, the Garcias to avoid financial disaster refinanced the loan at a cost of approximately $20,000 to reduce their financial obligations.

The Garcias have alleged violations of the federal Truth in Lending Act (15 USC §1600) and the Real Estate Settlement Procedures Act (12 USC §2600), violations of California's False Advertising and Unfair Business Practices statutes (Bus. & Prof. Code §§ 17200, 17500), the Consumer Legal Remedies Act (Civ. Code §1750) and common law claims for fraud, breach of fiduciary duty and negligence and declaratory relief. The Garcias seek rescission and restitution with respect to the loan and disgorgement of moneys received as well as compensatory and punitive damages and attorney fees.

2. <u>Defendants Fidelity's, Pacific's and Coker's Description of the Case:</u>

These defendants contend that they acted properly as a loan brokerage in this and the companion cases and allowed and permitted the purchasers to qualify for loans and enter the real estate market and that in each and every case the property purchased have appreciated in value. These defendants do not think it is likely or possible that any of the purchasers were misled in any way as to any material facts because of the exhaustive nature of the loan documents and the necessity of the borrowers qualifying directly with the bank and lenders and giving full and complete and truthful information.

These defendants claim that none of these borrowers have attempted to mitigate their damages by selling, refinancing or otherwise simply taking their appreciation, and that if the loan documents were all produced it would show that they knew exactly what the terms of their loans were.

3. <u>Defendants LBMC's and WAMU's Description of the Case:</u>

LBMC was and is a lender that makes wholesale loans exclusively through mortgage brokers, who are not LBMC's employees or agents. LBMC does not interact directly with any borrower and did not interact with plaintiffs.

In the loan transaction at issue, plaintiffs were assisted by their mortgage broker, Fidelity. The general role of a mortgage broker is to prequalify the borrower, obtain relevant financial information and documentation from the borrower, disclose truthful information to the borrower, prepare and submit a loan package for the borrower (that contains the loan application and all required supporting documentation) to the various lenders to secure the most advantageous loan for the borrower and itself. Such functions are commonplace and standard industry practice for a mortgage broker. In exchange for these services, it is also standard industry practice for a borrower to pay the mortgage broker a fee.

Where a mortgage broker such as Fidelity presents a loan to LBMC that has an interest

rate in excess of the rate for a par loan, it is LBMC's practice to pay a compensate the broker. One method of compensation is the payment of a yield spread premium to the mortgage broker. In the loan transaction involving plaintiff, LBMC paid a yield spread premium to Fidelity outside of escrow, which was disclosed in the statement of estimated closing costs and in the final HUD-1. LBMC's payment of a yield spread premium to Fidelity was and is consistent with LBMC's standard practice and the generally accepted practice of other lenders in the mortgage lending industry. Thus, LBMC's payment of a yield spread premium to Fidelity was not duplicative of the fee paid by plaintiffs and was not a kickback or unearned fee.

Plaintiffs applied for a "full documentation" loan from LBMC. A "full documentation" loan calls for borrowers to state their income on the loan application and provide supporting documentation of the income. LBMC processed and underwrote the loans made to plaintiffs pursuant to its normal operating guidelines for "full documentation" loans. LBMC's practice regarding "full documentation" loans was and is consistent with the generally accepted practice of other lenders in the industry that make such loans.

LBMC did not review the mortgage broker's file nor was it standard industry practice to do so. (Having the right to do so is far different from the obligation to do so.) Indeed, imposing the condition of review would nullify the benefit to the lender of using mortgage brokers in the matter of loans and greatly increase the cost of the loan, which ultimately is paid by the borrower.

Defendant WAMU services the loans that LBMC made to plaintiffs.

At all relevant times, defendants Fidelity, Pacific, First California Title, Coker, Atwater, Michele Roberts, and Tucker were not LBMC's agents and were not authorized to act on behalf of LBMC.

4. <u>The principal factual issues which the parties dispute:</u>

Apart from the contentions set forth above, LBMC and WAMU sets forth the following factual issues in dispute:

    a.    Whether defendants Fidelity, Pacific, Coker, Atwater, Roberts, Tucker, or First California Title were agents of LBMC for the purposes of the loans made to

plaintiffs;

b. Whether plaintiffs received all disclosures required by TILA and RESPA in connection with the mortgage loans obtained from LBMC;

c. Whether LBMC made any misrepresentations to plaintiffs regarding its loans (including in any advertising).

5. The principal legal issues which the parties dispute:

Apart from the contentions set forth above, LBMC and WAMU sets forth the following legal issues in dispute:

a. Whether LBMC and WAMU violated TILA;

b. Whether defendants LBMC and WAMU violated RESPA;

c. Whether defendants LBMC and WAMU violated the California Business and Professions Code sections 17200 and 17500 et seq., thereby entitling the plaintiffs to the remedies of equitable restitution and disgorgement of profits;

d. Whether defendants LBMC and WAMU violated the California Civil Code section 1750 et seq.;

e. Whether defendants LBMC and WAMU are liable for negligent training;

f. Whether defendants LBMC and WAMU are liable for negligent supervision;

6. Other issues:

The parties are not aware of any issues related to service, venue or jurisdiction.

7. The following parties have been served but not yet appeared:

First California Title, Joel Atwater, Scott Tucker and Michele Roberts. Counsel for plaintiffs has been in touch with each of these defendants and all will appear pro se except First California Title.

8. Additional parties:

None known at this time.

9. Consent to Magistrate Judge for Trial:

All parties to this Joint Case Management Conference Statement have or will consent to Magistrate Elena James.

477268.1       JOINT CASE MANAGEMENT STATEMENT

5

10.  **Alternative Dispute Resolution:**

The parties have discussed and have agreed to go to mediation before undertaking any discovery other than the exchange of Initial Disclosures on May 16, 2006. The parties request that the court ADR process hold a telephone conference with all parties (including those who will appear after the filing of this Joint Case Management Statement) to discuss mediation and potential dates for mediation in the months of June, July, or August, 2006. The parties further request that the court continue the Case Management Conference until August 31, 2006 or any day thereafter that is convenient for the court.

10.  **Discovery and Trial Proceedings:**

Given that not all named parties have appeared in the case, the parties have agreed that if the case is not resolved at mediation, all parties shall meet and confer regarding discovery and pretrial issues and file an updated Joint Case Management Statement prior to the next Case Management Conference.

Dated: 5/2/06

LAW OFFICES OF ROBERT F. KANE

By _____
  ROBERT F. KANE
Attorneys for Plaintiffs MICHAEL GARCIA and COURTNEY GARCIA

Dated: May ___, 2006

MUSICK, PEELER & GARRETT, LLP

BY _____
  CATHERINE M LEE
Attorneys for Defendants
LONG BEACH MORTGAGE COMPANY and WASHINGTON MUTUAL BANK

10. <u>Alternative Dispute Resolution</u>:

The parties have discussed and have agreed to go to mediation before undertaking any discovery other than the exchange of Initial Disclosures on May 16, 2006. The parties request that the court ADR process hold a telephone conference with all parties (including those who will appear after the filing of this Joint Case Management Statement) to discuss mediation and potential dates for mediation in the months of June, July, or August, 2006. The parties further request that the court continue the Case Management Conference until August 31, 2006 or any day thereafter that is convenient for the court.

10. <u>Discovery and Trial Proceedings</u>:

Given that not all named parties have appeared in the case, the parties have agreed that if the case is not resolved at mediation, all parties shall meet and confer regarding discovery and pretrial issues and file an updated Joint Case Management Statement prior to the next Case Management Conference.

Dated:

LAW OFFICES OF ROBERT F. KANE

By_____
  ROBERT F. KANE
Attorneys for Plaintiffs MICHAEL GARCIA and
COURTNEY GARCIA

Dated: May 2, 2006

MUSICK, PEELER & GARRETT, LLP

BY_____
  CATHERINE M LEE
Attorneys for Defendants
LONG BEACH MORTGAGE COMPANY and
WASHINGTON MUTUAL BANK

477268.1

6

JOINT CASE MANAGEMENT STATEMENT

Dated: 05/02/06

LAW OFFICES OF GOFORTH & LUCAS

BY
CHRISTOPHER R. LUCAS
Attorneys for Defendants
FIDELITY MORTGAGE COMPANY,
PACIFIC HOME BROKERS and BERT COKER

[PROPOSED] CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for this case and the parties are ordered to comply with this order. In addition, the Court Orders:

☐ The parties shall complete mediation by August 31, 2006.
☐ The Case Management Conference shall be continued to August 31, 2006. The parties shall file and serve an updated Joint Case Management Conference Statement by August 24, 2006.

Dated: May 8, 2006

_____
Judge Maria-Elena James
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

477268.1

7

JOINT CASE MANAGEMENT STATEMENT