UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MICHAEL GARCIA and COURTNEY GARCIA,<br><br>     Plaintiffs,<br><br> v.<br><br>FIDELITY MORTGAGE COMPANY *et al.*,<br><br>     Defendants.<br>_____/ | No. C 05-5144 MHP (MEJ)<br><br>**AMENDED REPORT & RECOMMENDATION RE DAMAGES**<br><br>(Amended to correct objection filing deadline) |

  On May 5, 2009, the Honorable Marilyn Hall Patel, the presiding judge in this action, issued a Memorandum & Order regarding Plaintiffs' Motion for Default Judgment. (Dkt. #95.) In her Order, Judge Patel granted default judgment in favor of Plaintiffs and against Defendant Joel Atwater. However, Judge Patel found that Plaintiffs had not submitted sufficient documentation and testimony regarding his claimed damages to enable the Court to determine the dollar amount it should award to Plaintiffs. (*Id*. at 6.) Accordingly, Judge Patel referred the matter to the undersigned to hold an evidentiary hearing on the issue of damages and to make findings of fact and recommendations regarding the specific amounts that should be awarded. Judge Patel also instructed Plaintiffs that, at the hearing, they will need to provide evidentiary support, such as documents, affidavits, or witness or expert testimony to corroborate their claimed damages. (*Id*.) Further, with respect to each area of damages Plaintiffs requested, Judge Patel outlined what evidence Plaintiffs would need to submit and what questions Plaintiffs would need to address to enable the undersigned to make a recommendation regarding the proper amount of damages

recoverable.

Following Judge Patel's Order, and in advance of the September 3, 2009 evidentiary hearing, Plaintiffs did not file any supplementary materials addressing the issues Judge Patel had outlined or submitting evidence to support their damages claims. Consequently, the undersigned issued an Order continuing the evidentiary hearing to allow Plaintiffs one last opportunity to marshal and present whatever evidence they have substantiating their damages and to specifically address Judge Patel's questions. On September 24, 2009, the undersigned held an evidentiary hearing regarding Plaintiffs' damages. At that time, the Court questioned Plaintiffs' counsel as to why Plaintiffs had still not filed any supplemental materials in support of their claims. To allow Plaintiffs a final opportunity to submit evidence, the undersigned set the matter for a further hearing on October 22, 2009. Prior to that hearing, on October 14, 2009, Plaintiffs filed a Supplemental Declaration in Support of Entry of Default Judgment (Dkt. #100). The undersigned then held a second evidentiary hearing on October 22, 2009. Having considered Plaintiffs' written submissions and supporting materials, and the evidence presented at the hearings, the undersigned now **RECOMMENDS** as follows.

**A.  Compensatory Damages**

    **1.  <u>Out-of-Pocket Damages</u>**

In her Order, Judge Patel found that Plaintiffs were entitled to their out-of-pocket damages. However, aside from the costs of refinancing their loans, it was unclear what other damages Plaintiffs were requesting. (Dkt. #95 at 7.) Accordingly, Judge Patel instructed Plaintiffs to provide the undersigned with evidence documenting the out-of-pocket damages they have incurred. (*Id.*)

In their Supplemental Declaration, Plaintiffs indicate that they are seeking $19,874.30 in out-of-pocket damages, all of which relate to the fees and penalties they incurred as a result of having to refinance their mortgage. (Suppl. Decl. ¶4.) Plaintiffs indicate that they incurred: (1) $5,517 in new loan charges; (2) $160 in recording fees; (3) $150 in notary fees; (4) $11,925.80 in prepayment penalties and related fees; and (5) $2,121.50 in escrow and title charges. Plaintiffs have attached the closing statement on the new loan they obtained to their Supplemental Declaration. The

undersigned has reviewed the closing statement and finds that each of the amounts is reflected on the closing statement. The undersigned therefore finds that Plaintiffs have presented sufficient evidence substantiating their damages relating to the refinance and should be awarded these amounts.

### 2. **Emotional Distress**

In her Order, Judge Patel found that Plaintiffs had credibly established that they suffered emotional distress as a result of Defendant Atwater's conduct. (Dkt. #95 at 7.) She therefore instructed the undersigned to make findings of fact regarding Plaintiffs' emotional distress and recommend an appropriate award. (*Id.*) Plaintiffs have requested $20,000 in emotional distress damages. In support, Plaintiffs proffer statements in their Supplemental Declaration that, as a result of their dealings with Defendant Atwater, their relationships with their family members have been strained, and they have experienced anxiety and "physical suffering and distress." (Supp. Decl. ¶8.) At the evidentiary hearing, the undersigned asked Plaintiffs whether they had any additional information to add regarding their emotional distress. Plaintiffs' counsel reiterated that Plaintiffs have experienced significant stress as a result of Defendant Atwater's fraud and having to refinance their house. Plaintiffs, however, did not offer any more specific facts regarding the symptoms stemming from the distress or any related economic losses they incurred in treating such conditions. Like Judge Patel, the undersigned finds Plaintiffs' representations that they experienced emotional distress to be credible. However, aside from their general descriptions set forth above, Plaintiffs have not offered any specific facts or evidence to support their requested amount of damages. Accordingly, the Court finds that an award of $10,000 is appropriate.

### 3. **Compensatory Damages Already Awarded Against Other Defendants**

Finally, Judge Patel noted in her Order that Plaintiffs' compensatory damages award against Defendant Atwater must be offset against any compensatory damages that have already been awarded to Plaintiffs against any other defendants in this case. (Dkt. #95 at 7-8.) Plaintiffs have not indicated that they obtained a judgment against any other defendant in this matter. However, to the extent Plaintiffs have already been awarded compensatory damages against any of the other

defendants in this matter, Plaintiffs' compensatory damages against Defendant Atwater should be reduced accordingly.

### 4. Compensatory Damages Recommendation

In sum, with respect to compensatory damages, the undersigned **RECOMMENDS** that the Court award Plaintiffs $19,874.30 in out of pocket damages and $10,000 for emotional distress, for a total of $29,874.30 in compensatory damages.

## B. Punitive Damages

Judge Patel previously determined that Plaintiffs had established by clear and convincing evidence that they are entitled to punitive damages in this case. (Dkt. #95 at 8-9.) Plaintiffs have requested that the Court award $10,000 in punitive damages. Under California law, when assessing punitive damages courts are to consider: (1) the degree of reprehensibility of the defendant's conduct; (2) the amount of compensatory damages awarded to the plaintiff; and (3) the wealth of the defendant. *Neal v. Farmers Ins. Exchange*, 21 Cal. 3d 910, 928 (1978); *see also Harrell v. Kepreos*, No. CIV S-06-0849, 2008 WL 619117, at *4 (E.D. Cal. Mar. 4, 2008).

With respect to the first factor, as Judge Patel highlighted in her Order, Defendant Atwater made a series of misrepresentations to Plaintiffs, including that he could secure a mortgage for Plaintiffs that they could afford, after the monthly mortgage payments exceeded what he had represented to Plaintiffs, and that he could refinance the mortgage to reduce their monthly payments. (Dkt. #95 at 8.) Defendant Atwater also falsified information on Plaintiffs' loans applications without their knowledge and misrepresented other material terms of the loans to Plaintiffs. (*Id.* at 2.) As a result of Defendant Atwater's conduct, Plaintiffs incurred significant damages and suffered emotional distress. These facts demonstrate the reprehensibility of Defendant Atwater's conduct and support the need for punitive damages to deter him from similar conduct in the future.

As to the second factor, as indicated above, the undersigned recommends that the Court award $29,874.30 in compensatory damages. Plaintiffs' requested amount of punitive damages is thus less than the amount of her compensatory damages and is not excessive in relation to their actual damages.

Looking at the final factor, which focuses on the defendant's financial condition, Plaintiffs have not submitted any evidence addressing this factor. The California Supreme Court has indicated that evidence of a defendant's financial condition is a prerequisite to an award of punitive damages in order to ensure that the award will actually serve to deter the defendant's conduct. *Adams v. Murakami*, 54 Cal. 3d 105, 119 (1991). Without such information, the undersigned cannot determine whether the amount of punitive damages Plaintiffs seek exceeds the amount necessary to properly punish and deter Defendant Atwater from future misconduct. *See id*. at 110. Consequently, because Plaintiffs have not met their burden of producing evidence on this factor, the undersigned **RECOMMENDS** that the Court **DENY WITHOUT PREJUDICE** Plaintiffs' request for an award of $10,000 in punitive damages and **GRANT** Plaintiffs leave to marshal evidence relating to Defendant Atwater's financial condition and move for reconsideration of the proper amount of punitive damages that should be awarded.

### C. Damages for Violation of RESPA

With respect to Plaintiffs' damages under RESPA, Judge Patel indicated that Plaintiffs needed to provide additional information and evidence on the second prong of the two-prong test for determining whether the yield spread premium Plaintiffs paid was permissible. (Dkt. #95 at 10.) In their Supplemental Declaration, Plaintiffs indicate that they are abandoning their claim to damages under RESPA. (Suppl. Decl. ¶¶4, 9.) Accordingly, this issue is moot.

### D. Disgorgement Pursuant to California Unfair Business Practices Law

In her Order, Judge Patel found that Plaintiffs had established Defendant Atwater's actions violated California business law, and therefore California's unfair competition law, such that Plaintiffs could disgorge Defendant Atwater of any money Plaintiffs paid him in connection with his unlawful business practices. (Dkt. #95 at 11.) Toward this end, Judge Patel directed Plaintiffs to prepare and provide evidence as to what money they paid Defendant Atwater in connection with his provision of real estate services. (*Id.*) To guide Plaintiffs, the Court explained that the settlement statement that Plaintiffs submitted was insufficient to establish the amount they paid to Defendant Atwater. (*Id.*) Specifically, the Court noted that although Plaintiffs alleged that they paid $10,500

in broker's commission, the settlement statement indicated that the amount came from the seller's funds. (Dkt. #95 at 11.) The Court further noted that although Plaintiffs claimed they paid $14,295 in fees to Fidelity, Plaintiffs failed to explain how they arrived at this amount. (*Id.*) Finally, the Court noted that even if Plaintiffs could establish the total amount in real estate and mortgage broker fees, Plaintiffs must provide evidence corroborating their allegations that Defendant Atwater was paid all but $500 of this amount. (*Id.*)

Following the issuance of Judge Patel's Order, Plaintiffs did not submit any other documentation or provide any explanation addressing the issues Judge Patel previously raised. Rather, their Supplemental Declaration merely restates the same information Plaintiffs previously presented to Judge Patel. Thus, for the reasons Judge Patel previously articulated, Plaintiffs have failed to sufficiently establish the amount of money they paid Defendant Atwater in connection with his unlawful business practices. The undersigned therefore **RECOMMENDS** that the Court **DENY** Plaintiffs' request for disgorgement of $24,295 from Defendant Atwater.

### E. Attorneys' Fees and Costs

In her Order, Judge Patel found that Plaintiffs are entitled to attorneys' fees and costs under RESPA and advised Plaintiffs on the proper procedure under the Civil Local Rules for seeking such awards. (Dkt. #95 at 11-12.) In their Supplemental Declaration Plaintiffs state that they are no longer seeking an award of attorneys' fees in connection with their RESPA claim. (Supp. Decl. ¶9.) Although Plaintiffs did not address costs, Plaintiffs did not provide any figure or documentation to support an award of costs. Thus, at this point, Plaintiffs appear to have abandoned any request for an award of costs. Based on these developments, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiffs' request for attorneys' fees and costs as moot.

### III. CONCLUSION

Based on the undersigned's consideration of Plaintiffs' Declarations, supporting documents, and evidence presented at the hearing, the undersigned **RECOMMENDS** as follows:

Plaintiffs should be awarded $29,874.30 in compensatory damages. Plaintiffs' request for an award of $10,000 in punitive damages should be **DENIED WITHOUT PREJUDICE**. Plaintiffs'

requests for damages under RESPA, disgorgement of fees paid to Defendant Atwater, and attorneys' fees and costs should be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file objections to this Report and Recommendation 14 days after being served.

**IT IS SO ORDERED.**

Dated: January 6, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge